UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS A. HUMES,<br><br>    Plaintiff,<br><br>v.<br><br>CA HIGHWAY PATROL, et al.,<br><br>    Defendants. | Case No. 21-04494 EJD (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a California inmate, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against the California Highway Patrol ("CHP") and the Monterey County Sheriff's Department. Dkt. No. 1. The Court dismissed the complaint with leave to amend, to state sufficient allegations to support an excessive force claim. Dkt. No. 10.[1] Plaintiff filed an amended complaint. Dkt. No. 11.

///

///

///

---

[1] The Court dismissed Plaintiff's claim seeking release from jail, directing him to challenge the lawfulness of his continued confinement in a separate habeas action. Dkt. No. 10 at 3-4.

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claims

Plaintiff claims that on March 5, presumably in 2021, he was involved in a traffic pursuit "following a PTSD episode brought on by [an] attempted traffic stop." Dkt. No. 11 at 3. Plaintiff states that he was involved in a traffic collision and then fled on foot. Id. Officers gave chase, and tackled Plaintiff. Id. Plaintiff claims Defendant Deputy Hija, of the Monterey County Sheriff's Office, then applied a chokehold which caused him to lose consciousness. Id. Plaintiff claims that 3 unknown CHP officers witnessed and participated in the "beating and illegal use of a carotid choke" by Deputy Hija. Id. Plaintiff claims that he "put up no physical resistance and complied with officers' demands until rendered unconscious, losing his bowels." Id. Plaintiff was taken to the hospital. Id. Plaintiff seeks damages. Id. at 11.

Liberally construed, the allegations are sufficient to state a cognizable claim for excessive force under the Fourth Amendment against Defendant Hija. See Rutherford v. City of Berkeley, 780 F.2d 1444, 1447 (9th Cir. 1986), overruled on other grounds by

2

Graham v. Connor, 490 U.S. 386 (1989); see Graham, 490 U.S. at 394-95.

With regards to the three unknown CHP officers named as John Does # 1, #2, and #3, Dkt. No. 11 at 2, Plaintiff's allegations are sufficient to state a failure to intercede claim against them. Police officers may also be held liable if they have an opportunity to intercede when their fellow officers violate the constitutional rights of a plaintiff but fail to do so. See Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000); see, e.g., Cortesluna v. Leon, 979 F.3d 645, 656 (9th Cir. 2020) (affirming summary judgment for officer who allegedly failed to intervene to stop another officer from shooting arrestee and to stop a third officer from kneeling on arrestee's back because the events unfolded in a matter of seconds and there was no evidence that the officer knew what the other officers would do).

Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. See Gillespie, 629 F.2d at 642; Velasquez v. Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). If Plaintiff is able to identity the unknown defendants through discovery, he may move for leave to amend to amend to substitute their names and serve them with this action. Plaintiff must diligently seek to identify the identities of unknown defendants and move to substitute named individuals for Doe defendants during the pendency of this action against Defendant Hija or risk dismissal of the claims against them for failure to state a claim for relief.

///

///

///

3

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint, Dkt. No. 11, all attachments thereto, and a copy of this order upon **Defendant Deputy Hija** at the **Monterey County Sheriff's Department** (1414 Natividad Road, Salinas, CA 93906)**.** The Clerk shall also mail a copy of this Order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

4

a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See <u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true

5

copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: __March 31, 2022__                              _____
                                                        EDWARD J. DAVILA
                                                        United States District Judge